UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# MEMORANDUM

JS 6

| | | | |
|---|---|---|---|
| Case No. | SACV 16-1694 DSF | Date | 3/22/17 |
| Title | In re Margaret Allen Rawson | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge |
|---|---|

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** (In Chambers) Opinion Affirming Bankruptcy Court

    Appellant/Debtor Margaret Allen Rawson appeals the Bankruptcy Court's order denying her discharge on summary judgment.

    On appeal of a denial of discharge, the appellate court conducts a "de novo review of legal conclusions, clear error review of factual findings, and de novo review of mixed questions of law and fact." In re Searles, 317 B.R. 368, 373 (B.A.P. 9th Cir. 2004) (citing In re Bammer, 131 F.3d 788, 792 (9th Cir.1997)(en banc)). "A mixed question of law and fact exists if historical facts are established, the rule of law is undisputed, and the issue is whether the facts satisfy the legal rule." Id.

    The court shall grant the debtor a discharge, unless –
> . . .
> (2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed –
> (A) property of the debtor, within one year before the date of the filing of the petition . . . .

11 U.S.C. § 727(a).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

JS 6

There is no dispute that Appellant caused some of her paychecks to be deposited into an account owned by her father within a year of filing of her bankruptcy petition. Appellant also admitted that the reason she did this was to prevent certain creditors from garnishing the money were it to be placed in her own accounts. Appellant's main contention on appeal is that the Bankruptcy Court did not consider the entirety of the circumstances when granting summary judgment and denying the discharge. But where a debtor has directly admitted to an intent to hinder, delay, or defraud a creditor, there is no need to consult the entirety of the circumstance to infer intent. In re Adeeb, 787 F.2d 1339, 1343 (9th Cir. 1986). The Bankruptcy Court also correctly rejected Appellant's defense of reliance on counsel because it was clear from Appellant's testimony that she sought advise of counsel with the intent of hindering or delaying the actions of her creditors. See id. Given Appellant's own testimony, there was no dispute on this matter and the Bankruptcy Court did not err in granting summary judgment. As the Bankruptcy Court observed, Appellant's declaration in opposition to the motion for summary judgment did not disclaim her prior admission that she caused the paychecks to be deposited in her father's account for the purpose of protecting it from creditors. And even if it did, a litigant generally cannot avoid summary judgment by presenting declaration testimony that contradicts her prior sworn testimony. See Kennedy v. Allied Mut. Ins. Co., 952 F.2d 262, 266 (9th Cir. 1991). Finally, to the degree that the Bankruptcy Court may have erred in excluding as hearsay portions of Appellant's declaration that discuss her father's request for funds and her receipt of advice of counsel, the errors were harmless because the Bankruptcy Court nonetheless considered those statements and, as discussed above, correctly rejected them as insufficient.

AFFIRMED.

IT IS SO ORDERED.